INDIANOLA COTTON OIL CO. ET AL. *v.* CROWLEY.

[83 South. 409, In Banc. No. 20915.]

1. VENUE. *Defendant may not apply for change of venue after pleading general issue.*

Under the rules of pleading and practice a defendant who has filed the plea of general issue accepts the venue, and will not be allowed, especially after a year's time to withdraw the plea and make application for a change of venue which he has waived.

2. SAME.

There may be an exception to this rule, where the trial judge in his discretion should deem it manifestly just to allow such withdrawal and grant a change of venue.

3. VENUE. *Joint action may be brought where either defendant resides.*

Under Code 1906, section 707, as amended by Laws 1908, chapter 166, and Laws 1919, chapter 149, requiring civil actions to be brought in the court which the defendant or any of them may be found, but providing that a resident sued out of the county of his residence may have the venue changed, a joint action may be commenced in the county in which either of the defendants reside, and service on a defendant residing in another county is valid and binding.

4. TRIAL. *Defense of justification do s not entitle defendant to open and close.*

Where the defendant files a plea of justification to an action for assault, this does not entitle him to open and close the case, since in the absence of evidence, the jury must necessarily find for the defendant and plaintiff must prove an unjustifiable assault and his damages, and therefore has the affirmative.

5. MASTER AND SERVANT. *General manager acting within the scope of his employment in commiting an assault.*

Where the general manager of a plant told a bookkeeper to leave the books and accounts with him for inspection and when the

bookkeeper hesitated to do so, assaulted him.   In such case the general manager was acting within the scope of his employment and about his master's business and the master was liable for his acts, though he desired to inspect his individual account with the master.

APPEAL from the circuit court of Sunflower county. HON. H. H. ELMORE, Judge.

Suit by E. A. Crowley against the Indianola Cotton Oil Company and another.   From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. B. Harris, Moody & Williams, S. D. Neill, Capman & Johnson* and *J. Holmes Baker,* for appellant.

*Frank E. Everett* and *S. F. Davis,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellee, E. A. Crowley, sued and recovered judgment against the appellants, J. H. Pettey and the Indianola Cotton Oil Company, for damages for an assault made upon appellee by Pettey, who was the general manager and agent of the oil company, from which this appeal was taken.

The record shows that the oil company was a domestic corporation, doing a general oilmill business at Indianola, Sunflower county, and was managed and controlled by the appellant Pettey, whose home and residence was in Leflore county.   The suit was instituted in Sunflower county, and service of summons was had there upon both of the appellants.   The appellants appeared and filed the general issue and special pleas to the declaration.   After the cause had been pending about a year the appellant Pettey moved the court for

permission to withdraw his plea of the general issue and for a change of venue to Leflore county where he resided. This motion was overruled by the court. The case then went to trial on the plea of the general issue by the oil company and special pleas of justification by both appellants.

The testimony in the record shows the assault occurred in the following manner. Mr. Crowley, the appellee, was the bookkeeper in charge of the books and accounts of the oil company. Mr. Pettey was the general manager, having full and absolute control over the operation of the oilmill plant, including full control over the bookkeeper, its books and accounts. On the day of the assault Mr. Pettey approached the appellee Crowley near the noon hour in the office of the oil company, and stated to him that he wanted to see the books of the company, and for him (Crowley) to go to dinner and leave the safe open and books out, so that he could inspect the books and the accounts. When Crowley hesitated in complying with this demand Pettey, as testified by Crowley, cursed and abused him, and assaulted him with a deadly weapon, striking him several times and leaving him in a bruised and dazed condition. It appears from the testimony of both Pettey and Crowley that Pettey desired to inspect the books and accounts of the oil company, and it was for that purpose that he ordered Crowley to leave the books out while he went to dinner. It is also developed in the testimony that Pettey especially desired to inspect his personal account with the oil company, kept in these books by Crowley. Pettey's defense at the trial was an effort to show justification for assaulting Crowley, but the jury, on the conflict of testimony, decided this issue of fact against him.

Reversal of the case is urged upon several grounds, which we shall now briefly consider. It is contended that the court erred in denying Pettey a change of

venue to Leflore county, where he lived.   We see no
merit in this contention, for two reasons:   In the first
place, under the rules of pleading and practice a de-
fendant who has filed the plea of general issue accepts
the venue, and will not be allowed, especially after a
year's time, as in this case, to withdraw the plea and
make application for a change of venue, which he has.
waived. There may be an exception to this general rule,
where the trial judge in his discretion should deem it
manifestly just to allow such withdrawal and grant
a change of venue.   In the second place, section 707,
Code of 1906, amended by chapter 166, Laws of 1908,
and chapter 149, Laws of 1918, is so plain in its
meaning and purpose that it needs no explanation for
its proper application.   In joint actions the suit may
be commenced in the county in which any one of the
defendants is domiciled or resides.   The oil company,
one of the joint defendants here, is a domestic corpora-
tion, and domiciled in Sunflower county, where this
suit was instituted.   Pettey, the other joint defendant,
was served with summons to appear and. defend the
joint action where the corporation, one of the de-
fendants, was domiciled.   Certainly the service on Pet-
tey, who was a resident of another county, was valid
and binding, and required him to answer the suit in
Sunflower county, the domicile of his codefendant, as
provided by the statute.

Appellants contend that under the plea of justifica·
tion by Pettey it was error in the lower court to refuse
to permit appellant to open and close the case.   We
think this point is not well taken, because the· burden
of proof was upon the plaintiff to prove his cause of
action and his damages.   In the absence of evidence
for either party the finding would necessarily have been
adverse to the plaintiff.   This being true, it was in-
cumbent upon the plaintiff to prove his case of un-

justifiable assault and the damages; and wherever the plaintiff is required to establish his claim or demand by evidence he has the affirmative, and is entitled to the opening and close of the case. Of course, if the plaintiff's right to recover completely all that he claims is admitted by the pleadings, and the question of avoidance is all that is involved, then the affirmative would be with the defendant, who would be entitled to the opening and close of the case. It is hardly necessary for us to say that the plaintiff was entitled to open and close this case in accordance with this rule.

The appellants further complain of the instructions granted the plaintiff in the lower court, and especially as to instruction No. 2. The basis of this general complaint as to the instructions is that the appellant Pettey was not acting within the scope of his employment and in furtherance of the master's business at the time he committed the assault upon the appellee Really this point goes more closely to the heart of the case as to the oil company than any other raised on this appeal. Considering all of the instructions together, we find no reversible error, unless it was error to instruct the jury on the theory that the oil company could be liable for the acts of the appellant Pettey. In other words, the contention that a peremptory instruction should have been granted for the oil company, as Pettey was acting beyond the scope of his employment and not about the master's business when he assaulted Crowley, would be well grounded if the testimony in this record did not show clearly that Pettey was acting within the scope of his employment and in furtherance of the master's business at the time of the assault, and that the assault was committed by Pettey while dealing with and carrying out the business of the master, the oil company.

The point urged is clearly untenable because the proof is that Pettey was the general manager of the

oilmill plant and had control over all of its operations, employees, and property, including the bookkeeper and the books and accounts of the corporation. He went into the office and demanded of the bookkeeper that he be allowed to inspect the books and accounts of the corporation. He undoubtedly had the right and authority to demand, and make, this inspection, and the bookkeeper was in duty bound to comply with the request. Pettey demanded that the safe be left open and the books containing his account with the corporation be left with him for his inspection. The fact that it was the purpose of Pettey to examine his own individual account with the oilmill, as master, cannot relieve the master from liability for the act of its agent, Pettey, because he was acting about the master's business, that is, inspecting the books and accounts of the master; and this is true even though the particular account that he desired to inspect was his individual account with the master. If he was acting about his private individual account he was also acting with reference to the account of his master, and therefore was acting within the scope of his employment and about his master's business. He was undoubtedly acting for both himself and the master, and had full and complete authority to do so by virtue of his position as general manager, with full control over the thing about which he was acting. The testimony of Pettey himself with reference to his authority and action regarding the books and the bookkeeper in this case would have probably warranted a peremptory instruction for the plaintiff as to liability; but in any view it was sufficient to present the question of fact to the jury as to whether or not his acts were within the scope of his employment and in the furtherance of the master's business. *Barmore* v. *V. S. & P. R. R. Co.,* 85 Miss. 440, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594; *Richberger* v. *Express Co.,* 73 Miss. 161,

18 So. 922, 31 L. R. A. 390, 55 Am. St. Rep. 522.

We find no merit in the contention with reference to the allowance of punitive damages in this case; nor do we consider that any substantial injury was suffered by the appellants with reference to the modification of one of the instructions granted the plaintiff below. The case warrants punitive damages, and the instruction referred to was sufficiently brought to the notice of counsel for appellants.

The judgment of the lower court is affirmed.

*Affirmed.*

STEVENS, J. (specially concurring).

It is expressly held in the opinion that: "Under the rules of pleading and practice a defendant who has filed the plea of general issue accepts the venue, and will not be allowed, especially after a year's time, as in this case, to withdraw the plea and make application for a change of venue, which he had waived."

The latter portion of section 707, Code of 1906 (section 486, Hemingway's Code), expressly provides: "If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence."

I do not think it necessary in this case to decide that a plea of general issue waives a right of a citizen resident to apply for a change of venue when he, as the sole defendant, has been sued in an action not local out of the county of his household and residence. There may be a difference between the technical plea to the jurisdiction which under well-known rules of pleading must be filed before a plea to the merits and an application under this statute for a mere change of venue. On this point I express no opinion. But Mr. Pettey was not the sole defendant in this action, and the court had

jurisdiction by reason of the fact that one of the defendants was domiciled in and could lawfully be sued in Sunflower county. On this, the second reason given by the court for sustaining the jurisdiction of the trial court, and on all other points discussed in the opinion, I fully concur.