JOYCE v. SOUTHERN BUS LINES, Inc.

No. 12373.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1949.

Ross R. Barnett, of Jackson, Miss., for appellant.

Hubert S. Lipscomb, of Jackson, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

George Joyce filed suit for damages against Southern Bus Lines, Inc., for personal injuries sustained from an assault and battery, alleged to have been committed upon him by one of defendant's duly authorized agents, while acting within the scope of his employment.

Defendant filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the sole ground that it failed to state a claim upon which relief could be granted. The trial court sustained the motion and dismissed the complaint. A motion for new trial was thereafter overruled.

The only question presented is whether the trial court properly dismissed the complaint in question as failing to state a cause of action.

The complaint alleges that on or about November 16, 1946, plaintiff was driving a truck in a southerly direction on U.S. Highway 49 in Stone County, Mississippi, when he met a passenger bus owned by defendant, and then being driven in a northerly direction along the same highway by its servant and employee, one Henry Dave Sullivan; that as the two vehicles passed each other they collided slightly, but plaintiff was unaware that a collision had occurred, and continued to drive his truck south on the highway; that after this slight collision, Sullivan, acting as agent, servant and employee of defendant, and within the full scope of his employment, proceeded to turn his passenger bus around and travel in a southerly direction for the purpose of overtaking plaintiff. The complaint specifically charged that:

"As such agent servant and employee of defendant the said Henry Dave Sullivan was, among other duties, under the duty to defendant to, first transport passengers for hire in defendant's bus in a safe and proper manner, and secondly, to protect from harm and damage the bus of defendant, and in case of harm or damage to said bus by other persons to secure and transmit to defendant the names of said person, or persons, causing said harm or damage, together with all details regarding said harm and damage. * * * Sullivan, as agent of defendant, was under the duty to defendant to investigate any and all accidents involving said passenger bus. Defendant's purpose in overtaking plaintiff's truck was to fulfill this duty to defendant and to ascertain the name of plaintiff, the name of the owner of plaintiff's truck, and such other details as would provide information to

defendant in said servant's report of the accident. * * *"

It was further alleged that within a short time after turning his bus around, Sullivan overtook plaintiff and drove in front of his truck in such a manner as to block its passage; that immediately thereafter, Sullivan, while acting as agent and servant of defendant, approached plaintiff and demanded information as to his name and the name of the owner of the truck, and other information concerning the collision, and further demanded that plaintiff fill out the accident report card furnished by defendant; that while making these demands, as servant and employee of defendant, Sullivan committed a violent assault and battery upon plaintiff, without provocation or excuse, as a result of which plaintiff was seriously and permanently injured.

When we come to measure the legal sufficiency of this complaint in the light of applicable Mississippi decisions, we are led unerringly to the conclusion that it presented a fact question as to whether defendant's agent was acting within the scope of his employment when the alleged assault and battery was committed upon plaintiff. Richberger v. American Express Co., 73 Miss. 161, 18 So. 922, 31 L.R.A. 390, 55 Am. St.Rep. 522; Singer Sewing Machine Co. v. Stockton, 171 Miss. 209, 157 So. 366; Alden Mills v. Pendergraft, 149 Miss. 595, 115 So. 713; Jefferson v. Yazoo & M. V. R. Co., 194 Miss. 729, 11 So.2d 442.

We do not consider the cases of Hand v. Industrial Life & Health Ins. Co., 174 Miss. 822, 165 So. 616, and Hahn v. Owens, 176 Miss. 296, 168 So. 622, applicable or controlling in favor of appellee here. While the complaint in question contains some immaterial and superfluous allegations, it is nevertheless sufficient wherein it charges that the purpose of overtaking plaintiff was to carry out specific instructions from defendant to secure information from persons involved in collisions with its busses, and that the assault and battery was committed while the agent was undertaking to discharge this duty.

The judgment is reversed and the cause remanded for proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.