## JOHN N. BASKINS vs. DOE ex dem. WINSTON.

*Hodge* v. *Wilson*, 12 S. & M. 498, cited and confirmed; but the facts of this case declared not applicable to that.

The land in dispute was assessed as a part of the tracts which were the property of L., and was not sold for the specific amount of taxes for which it had been assessed, but in conjunction with the remaining land of L., for the aggregate amount of taxes, cost, &c. due on the whole tracts. *Held*, that the tax collector could not make a valid sale of the land of W. for the taxes due and assessed to L.

The legislature never intended such injustice should be done; and *held*, that the sale is void.

IN error from the circuit court of Holmes county; Hon. Robert C. Perry, judge.

The opinion of the court contains the facts of the case.

*J. M. Dyer*, for plaintiff in error.

*R. S. Holt*, on the same side.

*Brooke* and *Wright*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The defendant in error brought an action of ejectment in the circuit court of Holmes county, to recover possession of a tract of land containing 451 95-100 acres, sold on the 10th day of April, 1843, by the tax collector of Holmes county to the plaintiff in error, as the property of Isaac Lane, for taxes due to the State and county by the said Lane during the year 1842.

On the trial, as evidence of his right to the land, the plaintiff read a patent from the United States to him, as assignee of Isaac Lane, which patent bears date the 1st day of February, 1841.

The defendant, to rebut this case, read to the jury a deed made by the tax collector of Holmes county to him, which deed bears date the 10th day of April, 1843, and recites that, on that day, he sold to the defendant Baskins eighteen hundred

Baskins *v.* Doe ex dem. Winston.

and seventy-four acres of land, including therein the land in controversy, as the property of Isaac Lane, for taxes assessed to him for the year 1842, and which were due and unpaid.

The manner in which the land was sold by the tax collector in this case, was held by the court in the case of *Hodge* v. *Wilson,* 12 S. & M. 498, to be the correct and proper mode of selling land for taxes, according to the provisions of the act of 1841. The instructions of the court below on this point were contrary to that opinion and the rules there laid down, and were, therefore, erroneous. The judgment for that error would be reversed, if it did not appear from the whole record that the verdict of the jury was properly rendered on the facts in the case, and that no injury has been sustained by the plaintiff in error in consequence of the error of the court.

The plaintiff in error bought the land in dispute as the property of Isaac Lane, for taxes assessed to Lane for the year 1842, and which remained unpaid by him. The fact is beyond dispute, that Lane was not the owner of the land in controversy when it was assessed as his property, nor was he the owner of it when it was sold; but at both periods it belonged to Winston, who had a patent for it dated in February, 1841.

It appears from the tax collector's deed to the defendant, that several tracts of land, in the aggregate amounting to 1,874 acres, were assessed as the property of Lane. The aggregate amount of the assessment was $33 95-100. The land in dispute was a part of the 1,874 acres, and was sold, not for the specific amount of taxes for which it had been assessed, but in conjunction with the remaining land assessed as Lane's property, for the aggregate amount of taxes, costs, and charges due on the whole 1,874 acres. Without undertaking to decide whether a tract of land assessed as the property of one man, but which in fact belongs to another, can be sold as the property of the person to whom it is assessed, for the specific amount of taxes due upon it, we are clearly of opinion that the tax collector could not make a valid sale of land belonging to Winston, though assessed to Lane, for the purpose of paying taxes due by and assessed to Lane for other and different tracts belonging to him. So to hold, would not only subject a man's property

to the payment of the taxes chargeable upon it, but would appropriate the property of one person to pay the debts and charges which the State might have against another. We cannot suppose the legislature ever intended such an act of injustice, and, therefore, must declare the sale made in this case invalid. The judgment, in our opinion, is properly entered upon all the facts in the record; and we, therefore, affirm the same.