## S. P. BRANTLEY *v.* A. B. CARTER.

The agreement between the parties was not within the statute of frauds, but was an original undertaking.

The contract in relation to the note having been reduced to writing, it was not competent for Brantley to alter or enlarge its terms by parol.

A judgment will not be reversed for erroneous instructions to the jury, if it is apparent that the verdict is according to the law governing the case and the evidence. *Magee* v. *Harrington*, 13 S. & M. 403, cited and confirmed.

A record is only evidence in a case where the suit it purports to establish was between the same parties then litigating.

The statute of 1850, § 6, p. 60, requires a "copy of an account verified by oath to be filed with the declaration;" otherwise the party is precluded from giving evidence thereof.

IN error from the circuit court of Lafayette county; Hon. Hugh R. Miller, judge.

The facts of the case are contained in the opinion of the court.

*H. A. Barr* for appellant.

It is not necessary to show to this court the statute of frauds

Brantley *v.* Carter.

does not apply in this case. The charge by the court below, on this point, is evidently error.

There was no necessity for a bill of particulars. The complaint was in the nature of an action of debt, and the statute requiring a bill of particulars has no application; and further, because the defendant had full knowledge of the cause of action. *Payne* v. *Devinal*, 11 S. & M. 400.

The record of the suit of *Lindsey* v. *Brantley* was competent for the purpose for which it was offered. *Edge* v. *Keith*, 13 S. & M. 295.

Carter was certainly bound to pay Brantley the amount of cost which had accrued, and which he had paid in consequence of the litigation on the Lindsey note. If an agent incur expenses in carrying on or defending suits for the benefit of his principal, those expenses must be borne by the principal; and the agent will be entitled to recover them from him. Story on Agency, § 335.

There was nothing illegal or fraudulent in the assignment of the Lindsey note by Carter to Brantley, for the purpose of enabling Brantley to collect the same by using it as a set-off. If Carter & Brantley agreed upon that mode of collection, Lindsey had no cause of complaint. Carter's motive, in agreeing to that mode of collection, is obvious. It gave him the advantage of the short process of collection in a justices' court. It is common to assign a note to an agent for collection; and numerous cases might be cited in which such assignment had been made and sustained. *Tyler* v. *Barry*, 7 Mass. R. 479; *Lord* v. *Evertson*, 11 Johns. R. 52; *Barker* v. *Prentiss*, 6 Mass. R. 430.

*Howry* and *Hayes* for appellee.

In every action of *indebitatus assumpsit*, the plaintiff shall file with his declaration an account, stating, distinctly, the several items of his claim against defendant; and on failure thereof, he shall not be entitled to prove to the jury any item which is not so plainly and particularly described in the declaration as to give the defendant full notice of the character thereof. H. & H. Code, 847, § 60; *Nevitt* v. *Babe*, 5 How. 653.

The claim for costs consists of items; and this statute is in no respect complied with by the complaint.

By the act of 1850, p. 60, § 6, it is enacted, " That it shall not be necessary to set forth in the complaint the items of the account; but a copy of the account, verified by oath, shall be filed with the complaint, or all evidence thereof shall be precluded."

This statute excludes all the repeated testimony, as there was no account of the costs of the suit of *Lindsey* v. *Brantley et al.*, verified by oath, filed with the complaint.

Mr. Justice HANDY delivered the opinion of the court.

The plaintiff in error sued the defendant, alleging that the plaintiff had been previously sued by one Lindsey, pending which suit Carter assigned to Brantley a note of Lindsey held by Carter for $65, with the understanding, that if said note should be allowed as a set-off in the suit between Lindsey and Brantley, the latter should account to Carter for the amount; but that if it was not allowed, and the suit was decided against Brantley, Carter should pay the costs and expenses of the suit. The suit was decided against Brantley, and this action was thereupon brought. The declaration contains no statement of the amount of costs and expenses, nor was there any bill of particulars filed.

The defendant answered, denying the contract for the payment of costs, &c., and alleges that the agreement simply was that the plaintiff should take the note, and if he got it allowed, should account to Carter for it; but if it was not allowed, that it should be returned to him.

On the trial below, the plaintiff offered and read in evidence a receipt of Brantley for the note to Carter, in which he bound himself to collect or return the note. He offered to read the record from the justices' court in the case of *Lindsey* v. *Brantley*, which was objected to as irrelevant and incompetent; and the objection was sustained, the plaintiff excepting. He also proposed to show, by the execution from the justices' court, the amount of the costs; and also offered to prove that the litigation in that case was entirely upon the note of Lindsey to

Brantley *v.* Carter.

Carter, how many witnesses were in attendance on that trial and on account of the litigation on that note, and the amount of costs incurred by Brantley, and that he employed counsel to attend to the suit arising on the set-off; all which was objected to, and the objection sustained, the plaintiff excepting.

The court instructed the jury, that they must find for the defendant, unless there was proof of a written obligation, signed by Carter, to pay the debt sued for.

The first objection raised here is, that this instruction was erroneous. It is manifest that the agreement between the parties, as alleged, was not within the statute of frauds, but a contract that Carter should pay Brantley the costs and expenses incurred in relation to the note, if the effort to make it a set-off should not be successful; the consideration being the benefit to arise to Carter if the effort was successful, in having the sum paid to him by Brantley. It was, therefore, an original undertaking.

But under the case, as made out by the plaintiff, he was not entitled to recover, indeed could not have been prejudiced by the instruction. In the first place, there was no evidence whatever tending to prove the agreement relied on; and secondly, as the contract in relation to the note was reduced to writing, it was not competent for the plaintiff to alter or enlarge its terms by parol. It is well settled, that a judgment will not be reversed for erroneous instructions to the jury, if it is apparent that the verdict is according to the law governing the case and the evidence before them. *Etting* v. *Bank U. S.* 11 Wheat. 75; 4 How. 388; *Magee* v. *Harrington*, 13 S. & M. 403. And it is manifest here, that under no proper instructions could the verdict have been for the plaintiff under the evidence.

2. It was not error to refuse to admit the record of the justices' court, because the defendant in this case was not a party to that suit, nor concluded by it. Nor was it error to reject the evidence offered to prove the amount of costs and expenses paid by the plaintiff. There was no "copy of the account verified by oath" filed with the declaration, as is required by the act of 1850, ch. 4, § 6, and by the terms of that statute, the plaintiff was "precluded from giving evidence thereof." But it

is said this action was not instituted under the provisions of that act, but is an action of debt at common law. The character of the complaint or declaration is not distinctly marked by any thing on its face, either as being a common law or a statutory proceeding. But it seems from the answers and subsequent proceedings to have been conducted as a statutory proceeding, and we are disposed so to regard it, inasmuch as it might be illegal and void as a common law proceeding, under the provisions of the first section of the act of 1850.

Upon the whole case, therefore, there was no error to the plaintiff's injury, and the judgment is affirmed.