## TROLIO *v.* NICHOLS.

(Division B. March 9, 1931.)

[132 So. 750. No. 29287.]

(Division B.   March 23, 1931.)

[133 So. 207.   No. 29287.]

See, also, 132 So. 750.

Ray & Spivey, of Canton, for appellant.

**J. A. Cunningham**, of Booneville, **W. C. Sweat**, of Corinth, and **Floyd W. Cunningham**, of Booneville, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court on motion to dismiss appeal.

Nichols sued the appellant, Trolio, and the Illinois Central Railroad Company in the circuit court of Alcorn county. There was a peremptory instruction in favor of

the railroad company and a submission to the jury of the issue between Trolio and Nichols, and a judgment rendered against Trolio in favor of Nichols, from which Trolio prosecuted an appeal.

The appellee undertakes to file a cross-assignment of errors against the Illinois Central Railroad Company to the action of the court in granting a peremptory instruction in favor of the railroad company. No petition or bond for appeal was filed by Nichols against the Illinois Central Railroad Company. In such case a cross-appeal cannot be prosecuted. If Nichols desired to appeal from the judgment discharging the railroad, he must do so within the statutory period, give bond, etc., as required by statute. There is no joint judgment here; and in no sense was the railroad company a party to the judgment against Trolio.

The motion to dismiss the cross-appeal and strike from the files is sustained.

## ON THE MERITS.

**Anderson, J.**, delivered the opinion of the court on the merits.

The appellee brought this action in the circuit court of Alcorn county against appellants, and also the Illinois Central Railroad Company and J. W. Tyler, to recover damages for an alleged false imprisonment of, and an assault and battery on, appellee while he was so imprisoned, by appellants and their codefendants. A verdict was directed in favor of the defendants the Illinois Central Railroad Company and J. W. Tyler. As to the other defendants, the appellants, there was a verdict and judgment against them in favor of the appellee in the sum of four thousand five hundred dollars. From that judgment appellants prosecute this appeal.

The principal question in the case is one of venue. Appellants were both citizens of the state and residents

and householders of Madison county in this state. Their codefendant Tyler was a citizen of the state, and householder and resident of Holmes county in this state. The only other defendant, the Illinois Central Railroad Company, has a line of railroad through Alcorn county, with agents in said county subject to process. The cause of action arose in Madison county. As stated, this action was brought in Alcorn county.

Before the jury was impaneled appellants filed a special plea, setting up those facts, and, further, that there was no real cause against the Illinois Central Railroad Company; that that company had been joined as a defendant in the case for the fraudulent purpose of unlawfully hailing appellants into court in a county other than the county of their residence, and thereby depriving them of their right under the law to be sued in such county. On motion of appellee this plea was stricken out, but later on in the progress of the trial appellants were permitted by the court to file substantially the same plea, and, in addition, a motion setting up the same facts that were embodied in the plea for a change of venue from Alcorn county to Madison county.

Appellants insisted on a separate trial of the venue question raised by the plea and the motion, and offered evidence to sustain the allegations of the plea and motion. The court refused a separate trial, but on the trial of the main issue heard all the evidence bearing on the question of venue. When all the evidence on both sides was in, the court held that no evidence was admissible to contradict the allegations of appellee's declaration as to venue, and that the declarations stated a case of proper venue for Alcorn county.

The declaration charged that appellants and their codefendants, the Illinois Central Railroad Company and J. W. Tyler, unlawfully conspired and co-operated together to falsely imprison and assault, beat, and bruise appellee while he was so imprisoned; which purpose they carried out, to his injury and damage.

We disagree with the trial court that the allegations of appellee's declaration are conclusive on the question of the proper venue of the action. Section 495 of the Code of 1930 provides, among other things, that, if a citizen, resident of this state, shall be sued in any action not local, out of the county of his household and residence, the venue shall be changed on his application, before the jury is impaneled, to the county of his household and residence. The right of a citizen to be sued in the county of his residence is a valuable right; it is a right of importance to him—it is not a technical right. Where an action is brought in a county where any one of several defendants resides, the county must be one where a material defendant resides; he must be a proper party—he must not be joined for the sole purpose of giving the court of that county jurisdiction. If he is not a material defendant, and is joined as such by the plaintiff for the fraudulent purpose of giving the court jurisdiction, the cause will be dismissed or transferred to the proper county. 40 Cyc. 97 (and cases in the notes); 15 C. J. 800, and case notes; Tchula Commercial Co. v. Jackson, 147 Miss. 296, 111 So. 874. This is too valuable a right to permit the allegations of the plaintiff's declaration to be conclusive. Such a rule would furnish a convenient means for the plaintiff to fraudulently fix the venue of the action to suit his purposes. The error of the court, however, in this respect, was without harm to appellants because the evidence on the issue was introduced, and is in the record, and, taken in connection with the allegations of the declaration, we cannot say that the appellee fraudulently selected Alcorn county as the venue of the action.

Appellants complain of various rulings of the court during the progress of the trial; and of the action of the court in giving certain instructions for the appellee, and refusing certain instructions requested by appellants. The view we have of the cause renders it unnecessary

to pass on these questions, for the following reasons: The testimony of appellants themselves, as witnesses in their own behalf, fairly and reasonably interpreted, can mean nothing else except that they together unlawfully arrested appellee; and while he was under arrest unmercifully assaulted and beat and bruised him. The verdict is not large. What is the use of talking about errors in the trial of a case of this kind, unless they be substantial and probably controlling with the jury; and the record in this case reveals no error of that character.

A new trial will not be granted where the verdict of the jury is plainly in accordance with the testimony of the losing party, and the law and justice of the case; and especially where there is little prospect of a different result being reached on another trial. P. B. Hale v. Hinkle Merc. Co. (Miss.), 132 So. 75; Sloan v. State (Miss.), 130 So. 110; Hill v. Calvin, 4 How. 231; Pritchard v. Myers, 11 Smedes & M. 169; Wiggins v. McGimpsey, 13 Smedes & M. 532; Magee v. Harrington, 13 Smedes & M. 403; Baskins v. Winston, 24 Miss. 431; Simpson v. Bowdon, 23 Miss. 524; Brantley v. Carter, 26 Miss. 282; Dozier v. Ellis, 28 Miss. 730; Fore v. Williams, 35 Miss. 533; Cameron v. Watson, 40 Miss. 191; Perry v. Clarke, 5 How. 495; Barringer v. Nesbit, 1 Smedes & M. 22; McMullen v. Mayo, 8 Smedes & M. 298; Head's case, 44 Miss. 731; Evans' case, 44 Miss. 762; Hanks v. Neal, 44 Miss. 212; Memphis & C. R. Co. v. Whitfield, 44 Miss. 466, 7 Am. Rep. 699.

Affirmed.