WEEMS v. LEE.

(Division A. April 3, 1939.)

[187 So. 531. No. 33553.]

Rawls & Hathorn, of Columbia, E. F. Coleman, of Purvis, and Cephus Anderson, of Hattiesburg, for appellant.

Currie & Currie and Earle L. Wingo, all of Hattiesburg, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant owns a brick building fronting on Newman Street in the City of Hattiesburg, in front of which was a wooden shed or awning attached to the building and extending over the sidewalk. This awning fell while the appellee was on the sidewalk under it and injured him, for which he sued the appellant and the City of Hattiesburg. When the appellee introduced his evidence in chief and rested, the court below gave the City of Hattiesburg a directed verdict and there was a judgment for the city accordingly. The case then proceeded against the appellant, resulting in a verdict and judgment for the appellee.

The case was tried in Forrest County, and the household and residence of the appellant is in Lamar County. Before pleading to the declaration, the appellant filed a motion to change the venue of the action to Lamar County on the ground that the City of Hattiesburg had been fraudulently joined as a defendant to the declaration for the purpose of depriving the appellant of his right under section 495 of the Code of 1930, to have the case tried in Lamar County. The court heard evidence on this motion and overruled it. This motion was renewed when the court directed a verdict for the city and was again overruled. These two rulings of the court are assigned as error.

In support of his claimed right to a change of venue, the appellant says that the city was neither a necessary nor proper party to the action. This awning was not placed over the sidewalk by the City of Hattiesburg, but was placed there by the person from whom the appellant purchased the building, and the city simply permitted it to remain there. We are not called on to decide whether, under these circumstances, the city is charged with the duty of exercising reasonable care to prevent the awning from falling and injuring persons using the sidewalk. It will be sufficient to say that many

courts hold that a municipality is charged with this duty, that this court has not yet definitely ruled thereon, and therefore the appellee cannot be said to have fraudulently joined the city as a party to this action, knowing that no recovery against it could be had thereon. If the city is in fact liable to the appellee for his injury, its liability and that of the appellant rests upon the same ground, i. e. the failure to exercise reasonable care to keep the awning from being in such condition as to make it dangerous to those lawfully using the sidewalk; and the neglect of this duty by both the city and the appellant, according to the appellee's declaration and evidence, "resulting in a single and indivisible injury" to him. Consequently they are joint feasors. Nelson v. I. C. R. R. Company, 98 Miss. 295, 53 So. 619, 31 L. R. A. (N. S.), 689; 47 C. J. 80; 62 C. J. 1130. Again, we say that we must not be understood as determining what duty, if any, here rested upon the city.

The evidence discloses that the appellant purchased the building some years prior to the fall of this awning. The awning was then attached thereto. How it was attached to the building on the side adjoining it does not appear. It was supported, however, by tie rods extending from its outer edges up to a brick fire wall, about eight inches thick, extending above the building. The rods were passed through this wall and bolted thereto. While there was a conflict in the evidence relative thereto, the jury were well warranted in finding that for quite a long time prior to the fall of the awning this fire wall to which the awning's tie rods were bolted was leaning forward, that is, toward the awning, about six inches, which fact was known to the appellant and his agent in charge of the building. According to the appellant's evidence, his agent had a carpenter to examine the wall and awning some months before the awning fell, and the carpenter found one end of the awning sagging. He pushed it up, placed a 2 x 4 timber between the back of the wall and the nut and bolt holding the tie rod, there-

by drawing the sagging end of the awning up to the same level of the other portion thereof. At times, children were seen on top of the awning but not when it fell on the appellee. The cause of the falling of the awning, according to the appellee's evidence, was that this brick fire wall gave way and fell, thereby releasing the awning.

The jury having resolved this conflict in the evidence in favor of the appellee were warranted in then finding that the appellant failed to exercise reasonable care to prevent the awning from falling and injuring persons on the sidewalk. No error therefore was committed by the court below in refusing the appellant's request for a directed verdict.

One of the instructions granted the appellee charged the jury in substance that if children at times played on the awning, to the knowledge of the appellant or his agent in charge of the building, that it was the duty of the appellant to have the awning inspected at reasonable intervals, and that if the playing on the awning by the children weakened its supports, which fact could have been discovered by a reasonable inspection "then under the law it was the duty of the defendant to repair said shed and its supports so as to make it strong enough that it would not fall, and if you further believe from the evidence that the defendant failed or neglected to perform this duty imposed upon him by law then the defendant was guilty of negligence." If children were accustomed to play on this awning, with the knowledge of the appellant, that fact entered into the appellant's duty to exercise reasonable care to prevent the awning from falling on the sidewalk, and in that respect the instruction is correct. It is incorrect in so far as it charges the defendant "to repair said shed and its supports so as to make it strong enough that it would not fall." The duty on the appellant to prevent the shed from falling was not absolute, but only to exercise reasonable care to keep it in a reasonably safe condition. This error, however,

could not have misled the jury in the light of other instructions given.

The court also charged the jury for the appellee "that it is wholly immaterial as a matter of law who constructed the building and shed in question, and it is wholly immaterial as a matter of law that the defendant in this lawsuit did not build or construct the same, the only material question being whether the defendant owned the building and shed at the time of the injury of the plaintiff, and if he did the law made it his duty as owner thereof to exercise reasonable care to keep the same in a reasonably safe condition, as set out in the instructions herein granted the plaintiff by the court, and if you believe from the evidence in the case that the defendant then owned the building and shed and negligently failed to discharge such duties and that as a proximate and direct result thereof said building and shed fell upon and injured the plaintiff the defendant is liable." There is no error in this instruction. The appellant's duty in the matter began when he purchased the building. If the awning was then in such condition as to be dangerous to persons using the sidewalk, it became his duty to exercise reasonable care to remedy this defect therein.

Two instructions refused the appellant would have charged the jury in substance that if the fall of the awning was caused by its use—climbing and walking thereon by persons other than the defendant—he would not be liable therefor. On the evidence, these instructions were properly refused. It does not appear that anyone was on the awning at the time it fell, and the fact that persons may have been thereon at other times has been hereinbefore dealt with.

Affirmed.