HOWARD *v.* WARE.

---

(In Banc. Sept. 22, 1941. Suggestion of Error Overruled Nov. 10, 1941.)

[3 So. (2d) 830. No. 34457.]

Johnson & Allen, of Indianola, Dugas Shands and Palmer Lipscomb, both of Cleveland, Ernest Kellner, of Greenville, and Brewer & Hewitt, of Jackson, for appellant.

**Sillers & Roberts,** of Rosedale, **James O. Eastland,** of Ruleville, **Wynn, Hafter & Lake,** of Greenville, and **Courtney C. Pace,** of Cleveland, for appellee.

Argued orally by **Dugas Shands** and **Ernest Kellner**, for appellant, and by **Jerome S. Hafter** and **J. O. Eastland**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

Highway 61 runs north and south through the town of Shaw in Bolivar County, at which place it is crossed by another highway running east and west, known as the Shaw-Indianola Road. In March, 1940, a motor truck going north on highway 61, in which the appellee's intestate, Linnie T. Ware, was a passenger, collided at this intersection with an automobile going west, owned and driven by the appellant, and Ware was killed thereby. He was employed by C. P. Cole Flying Service, Inc., the owner of the truck, as a bookkeeper, and C. P. Cole, who was driving the truck, is its president. The corporation is domiciled at Leland, in Washington County, in which county this action was brought against the appellant and the Cole corporation. A judgment was rendered against both defendants, and Howard alone appeals.

The appellant is a householder, and resides in Sunflower County. When the case came on for trial she applied for, but was denied, a change of venue to Sunflower County under Section 495, Code of 1930, alleging that the plaintiff had no cause of action against the Cole corporation, and that it was joined as a defendant for the sole

purpose of enabling the plaintiff to have the case tried in Washington County. If this is true the venue should have been changed to Sunflower County.

The declaration alleges that Ware, at Cole's direction, was accompanying him on a mission for the corporation within the scope of his employment, and we will assume that if this is true the corporation would be liable for Cole's alleged negligence in driving the truck at the time Ware was killed. The burden of negativing this allegation on the hearing of the motion for a change of venue was on the movant, and we will assume, as the fact probably is, that she did not meet this burden.

At the trial on the merits the plaintiff closed her case without introducing any evidence tending to prove the allegation of her declaration hereinbefore stated. Whereupon the appellant again requested, but was denied, a change of venue.

The allegations of the declaration are not here controlling, Trolio v. Nichols, 160 Miss. 611, 612, 132 So. 750, 133 So. 207, and when the appellee rested her case without attempting to prove liability on the part of the Cole corporation the appellant's request for a change of venue should have been granted. This necessarily follows from Gulf Export Co. v. State, 112 Miss. 452, 73 So. 281; Trolio v. Nichols, 160 Miss. 611, 612, 132 So. 750, 133 So. 207; Weems v. Lee, 185 Miss. 98, 187 So. 531. That the court permitted a judgment to be rendered against the Cole corporation does not deprive the appellant of her right to the change of venue, nor does the fact that she filed a plea to the merits after her motion for a change of venue was overruled. Had she filed this plea before moving for a change of venue a different question would be presented. Indianola Cotton Oil Co. v. Crawley, 121 Miss. 262, 83 So. 409. Venue in a civil action should be changed on request of the party entitled thereto whenever the condition therefor arises; Tucker v. Gurley, 176 Miss. 708, 170 So. 230; unless the right thereto has been waived, Indianola Cotton Oil Co. v. Crawley, supra.

It remained only to determine whether the error in overruling this motion was cured by evidence of the defendants, from which the jury could find that the quoted allegation of the plaintiff's declaration is true.

No such evidence was introduced by the appellant, but her co-defendant, the Cole corporation, introduced Cole as a witness in its behalf; and from his evidence it appears that he had endorsed a promissory note of Ware's, and that he and Ware wanted this liability of Cole on the note to be secured by a deed of trust on property owned by Ware; that Ware requested him to take him, Ware, to Ruleville, where they were going when Ware was killed, for the purpose of having an attorney residing there to prepare the deed of trust. In addition, he said that this attorney represented the Cole corporation in a pending lawsuit, and Ware intended to give him certain facts desired by him relative thereto, for use on the trial of the case. There was no evidence that Ware was directed by Cole to accompany him to Ruleville in order to give these facts to this attorney. On the contrary, the evidence clearly discloses that Cole was taking Ware to Ruleville at his request, for a purpose wholly disconnected from the business of the Cole corporation, and that giving the attorney information relative to the corporation's lawsuit was merely incidental to, and not the cause of, their journey; consequently no liability of the corporation under the law of master and servant arises.

The judgment of the court below will be reversed in so far as it affects the appellant, and the. order which the court below should have made, changing the venue of the case to Sunflower County, will be entered here; and the case will be remanded for further proceedings on this order, of the same character that would have been required had the order been made by the court below.

So ordered.