LONG *et al. v.* PATTERSON *et al.*

(In Banc. June 11, 1945. Suggestion of Error Overruled Sept. 24, 1945.)

[22 So. (2d) 490. No. 35887.]

Mitchell & Clayton and **John R. Anderson,** all of Tupelo, and **E. K. Windham** and **Donald Franks,** both of Boone-ville, for appellants.

**Cunningham & Cunningham**, of Booneville, for appellees.

Argued orally by **Guy Mitchell, Sr.**, for appellant, and by **Jas. A. Cunningham**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

About nine o'clock on the evening of May 25, 1944, appellees' decedent, John Patterson, was driving a farm tractor northward on paved highway No. 45 in Prentiss county. The tractor carried no lights. Riding on the rear fender of the tractor was a boy named Cecil Jones, fourteen years of age. The declaration alleged that Jones "agreed and promised the said John Patterson . . . that he would exercise all diligence and care to give Patterson timely notice of all approaching traffic, and plaintiffs' said decedent relied upon the promise and

undertaking of said defendant (Cecil Jones) in the course of travel by tractor on said highway." The declaration avers that a cattle truck driven by the defendant Martin approached from the south at a reckless and dangerous rate of speed, and that although Martin saw the tractor in the road ahead of him, he disregarded it nevertheless and ran into and upon the tractor with the result that appellees' decedent, the driver of the tractor, was killed; that Jones on the tractor who had agreed to give warning failed to do so until it was too late to turn the tractor off the road, which could have been done, avoiding injury, had Jones given warning of the approach of the cattle truck in time.

It is admitted that Martin was the servant of the other defendants, Long and Spicer, and that at the time he was engaged in the business of his employers and within the scope of his employment, and it is admitted that the defendants, Martin and Long and Spicer, were and all the while have been residents of Lee County, and that the boy, Cecil Jones, is a resident of Prentiss County. The action was brought in Prentiss County by joining the minor resident as a defendant. Before taking any other steps the nonresident defendants moved the court to order a change of venue to Lee County on the ground that there was no cause of action against the minor and that he was joined only for the purpose of venue in his county. At this time no plea had been filed by the minor raising the defense of minority, and there was no mention in the declaration that Joes was a minor. When the minor's plea came in setting up the defense of minority, the nonresident defendants duly renewed their motion for a change of venue, which was overruled. On the trial a verdict and judgment was rendered against the non-resident defendants, but the verdict was in favor of the minor defendant.

The first question which must be determined is whether the non-resident defendants were entitled to the peremptory charge requested by them. If so, the question

of venue would disappear. Under the established rule that all evidence, and all the reasonable inferences that may be drawn therefrom, are to be taken as true in favor of the party against whom the peremptory is asked, we are unable to say that there is not enough here to go to the jury. And thus we are brought to the question of the change of venue, and this introduces two preliminary inquiries:—

(1) Is there a duty imposed by law upon any person to warn another of an approaching or impending danger to the latter, when the person sought to be charged had and has nothing to do with putting into operation, or with the continuance in operation of, the dangerous agency which approaches? Whatever we might think of this as a moral proposition, it is a question to which the settled law gives a negative answer. As stated in the Restatement, Vol. 2 Torts, Sec. 314, "the actor's realization that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." And an illustration is given as follows: "A sees B, a blind man, about to step into the street in front of an approaching automobile. A could prevent B from doing so by a word or touch without delaying his own progress. A does not do so and B is run over and hurt. A is under no duty to prevent B from stepping into the street and is not liable to B." But the rule is otherwise where the actor undertakes to render such service, although gratuitously, and the other person reasonably relies on the performance of the undertaking. 2 Rest. Torts, Sec. 325. There the liability arises out of the consent of the actor, express or implied, to be bound to the duty, but only by such consent.

(2) May an infant be bound by his consent given in such case? Here, too, the settled law answers in the negative. Many years ago in Ferguson v. Bobo, 54 Miss. 121, it was sufficiently pointed out that an infant cannot be held in tort for faults of omission when the duty to act otherwise must find its basis in an agreement by the

infant. The modern authorities, in a sufficient number, are gathered in the opinion and annotations, Brown v. Wood, 293 Mich. 148, 291 N. W. 255, 127 A. L. R. 1436, and there it is shown that the test of liability against an infant for an alleged tort of omission is whether the case may be made out against him without the necessity of taking any notice of his contract or agreement. Lowery v. Cate, 108 Tenn. 54, 64 S. W. 1068, 57 L. R. A. 673, 91 Am. St. Rep. 744. In the present case the necessity exists, from which it follows that there is no liability against the infant and that he was no real party to the action. And this conclusion is not to be avoided by the arguments which have been made that there existed the relationship of master and servant between Patterson and the minor, or that they were engaged in a joint adventure, for these, and the like, are all consensual relationships, express or implied.

Section 1433, Code 1942, provides that civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and further provides that "if a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence . . . the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence." In Trolio v. Nichols, 160 Miss. 611, 612, 132 So. 750, 133 So. 207, we held that the right of a citizen to be sued in the county of his residence is a valuable right—one of importance to him, and that when there are several defendants and the action is brought in the county of the residence of only one of them, the latter must be a material defendant—a real defendant, not a mere straw man. And we further held in that case that the allegations of the declaration are not conclusive on the question of proper venue of the action, so that it follows that the true facts may be shown by plea or on motion or by both.

The steps here taken by the defendants entitled to the change of venue were substantially equivalent to those availed of in Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So. 2d 344, 148 A. L. R. 469. The plea of the only resident defendant raising the issue and defense of his minority was on file and the motion joined in by all the non-resident defendants to change the venue, specifically pointed out that the resident defendant "at the time of the alleged wrongs and injuries was a minor fourteen years of age: that the alleged negligence of the minor consists of a failure to give proper warnings to plaintiffs' decedent as plaintiff alleges he had contracted and agreed to do; that plaintiffs seek to establish liability against the said minor in an action of tort based upon a breach of contract; that if plaintiffs allegations should be established as true, no cause of action would lie against said minor." The testimony taken on the motion to change the venue disclosed without dispute, and without attempt to dispute, that the said local defendant, and sole local defendant, was a minor. The result was that, in limine, when the settled principles of law are applied, it was plainly shown that there was no cause and no possible cause of action against local defendant, and nothing remained for the court to do except to apply the rule laid down in Howard v. Ware, 192 Miss. 36, 42, 3 So. (2d) 830, 832, 140 A. L. R. 1284, that "venue in a civil action should be changed at the request of the party entitled thereto whenever the condition therefor arises"; and this is particularly true when the conditions have been clearly disclosed in limine as here.

Much has been said in various cases to the effect that in order to obtain a change of venue or the removal of a case to the county of the real defendants, it must be shown not only that there is no cause of action against the local defendant but in addition that he was fraudulently joined, and it is said that Weems v. Lee, 185 Miss. 98, 187 So. 531, so holds. It is significant to the contrary that the later case on this subject, Howard v. Ware, supra, does

not mention the matter of fraud but rests upon the plain fact, without more, that no proof was made or attempted to be made against the resident defendant. By parity, if upon the introduction of a plain and undisputed simple fact in a case, as here, no proof can be made within the allegations of the declaration which will establish a cause of action against the resident defendant, the condition is the same in substance as if no proof was attempted to be made.

There are cases, of course, and Weems v. Lee, supra, is referable to that classification, where the facts of liability vel non against the resident defendant are involved in a complicated set of circumstances from which, when fully developed, more than one reasonable conclusion might be drawn by the jury or where because of nice distinctions to be applied as a matter of law it cannot be told in advance of a full development of the case whether the resident defendant will or will not be held liable by the court. In cases of this sort the good faith of the plaintiff is a pertinent issue, but not in a case such as is here before us when the crucial issue hinges upon a simple fact, plain and precise, and which in limine is proved beyond dispute. It is to this distinction that we adverted in the fifth paragraph of the opinion in Forman v. Mississippi Publishers Corp., supra, 195 Miss., page 103, 14 So. (2d) 344, 148 A. L. R. 469.

From what has been said it follows that the verdict and judgment in favor of the minor defendant, Cecil Jones, was correct, and the same is hereby affirmed as to him. But because of the error in refusing the order for the change of venue, the judgment is reversed and vacated as to the defendants, Martin and Long and Spicer, and the cause remanded.

Affirmed in part and in part reversed and remanded.