CROSBY, et al. *v.* ROBERTSON, et al.

No. 42134          February 26, 1962          137 So. 2d 916

*Harris Sullivan, R. M. Sullivan,* Hattiesburg, for appellant.

*Sebe Dale, Jr.,* Columbus; *Satterfield, Shell, Williams & Buford,* Jackson, for appellees.

JONES, J.

Mrs. John L. Robertson, widow, jointly with her children, filed suit in the Circuit Court of Marion County to recover damages for the alleged wrongful death of her husband, John L. Robertson. The defendants were V. O. Crosby, Bobbie Joe Crosby, J. A. Crosby, Frank Hicks and the Marion County Co-operative (AAL). The declaration charged that all of the defendants except the Co-operative were resident citizens of Covington County, Mississippi.

In due course, the Covington County defendants filed answer denying their liability. The Marion County Co-operative filed a separate demurrer, which was overruled.

The Covington County defendants filed an application for change of venue to the Circuit Court of Covington County, alleging that the resident defendant was fraudulently joined for the purpose of laying venue in Marion County. There was a hearing on the application for change of venue, whereupon the Co-operative filed a motion to dismiss the suit as to it.

On June 16, 1960, the circuit judge, after having heard evidence on the motion for change of venue, entered an order dismissing the suit as to the defendant, Marion County Co-operative. On the same day, an order was entered reciting that the court had heard the application for change of venue and that having heard the applica-

tion and testimony thereon finds that the said Co-operative was not a necessary, proper or bona fide defendant, and sustained the application of the Covington County defendants to transfer said cause to Covington County.

Sometime thereafter a motion was filed by the plaintiffs, the date of filing not being shown, asking that the order transferring the cause be abated for a period of 45 days, alleging that they had learned since the date of said order that there was another or additional party who should be charged and named as a defendant, and that said party was a resident citizen of Marion County. The motion sought to have said change of venue order abated for 45 days and for permission to amend the declaration by adding this unnamed party as a defendant to the suit. The motion did not give the name of the party, did not state how he was involved, or what facts created his liability, and was unsworn. On June 30, an order was entered, apparently without notice to the defendants and without any evidence, sustaining the motion to abate the change of venue order for a period of 45 days, and granting plaintiffs the right to amend within 45 days. Sometime thereafter, (it being alleged in the briefs but not shown by the record that it was 43 days afterwards) an amended declaration was filed naming one Albert Peavy of Marion County as a joint defendant. Thereafter, the Covington County defendants made no further appearance in the case. At a later time the case was tried on the merits and the Covington County defendants not appearing, a peremptory instruction was given against them. The jury found for the resident defendant and returned a verdict of $30,000 against the Covington County defendants, the appellants here.

Section 1433, Code of 1942, provides in the last sentence thereof: ''If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, . . . . the venue shall be changed,

on his application, before the jury is empanelled, to the county of his household and residence, . . . . . . ''

The right to be sued in the county of the defendants' residence is a valuable right. Trolio v. Nichols, 160 Miss. 611, 133 So. 207.

Whenever the condition arises justifying it, the venue of a civil action should be changed on the request of the party entitled thereto, unless the right has been waived. Howard v. Ware, 192 Miss. 36, 3 So. 2d 830.

When the court heard the evidence and found that the Marion County Co-operative (AAL) was not a bona fide defendant and dismissed the case as to it, the residence of the other defendants being admitted in the declaration and they having made proper application for a change of venue, the court very properly entered an order sustaining the application for the change of venue.

Ordinarily, of course, the court has power over the orders entered by it so long as the term at which the order was entered has not expired. However, here we have parties to a suit who were manifestly entitled to a change of venue and had been granted an order which protected and extended to them this valuable right provided by law. As to changing and altering orders for a change of venue, the rule as stated in 92 C. J. S., Sec. 200, page 968, is as follows:

''The court may, in its discretion, either by consent of the parties or for sufficient cause, vacate, set aside, or annul its order granting or denying a change of venue or plea of privilege, and may reinstate the case for trial.''

Any action by the court should be supported by a sufficient cause. It is pretty drastic action to require a defendant to remain in a court from which he is entitled to be transferred for a period of 45 days while the plaintiff seeks a local resident who might be joined

as a defendant. This action deprives the defendant of the right given to him by the statute, recognized by this Court as a valuable right, and is directly opposed to the statute.

■■■ The unsworn motion, and even if it were sworn, the facts recited were not sufficient cause for abating the order and requiring the defendants sued out of their county of residence to remain in the court where sued for a period of 45 days.

The case is reversed and remanded with directions to transfer the cause to the Circuit Court of Covington County.

Reversed and remanded with directions.

*Lee, P. J.,* and *Arrington, McElroy* and *Rogers, JJ.,* concur.