205 So.2d 281 (1967)
Billy JEFFERSON, Defendant-Appellant,
v.
Ewell MAGEE, Plaintiff-Appellee.
No. 44633.
Supreme Court of Mississippi.
December 20, 1967.
Satterfield, Shell, Williams & Buford, Jackson & Yazoo City, for appellant.
Holmes & Cortright, Henry, Barbour & DeCell, Yazoo City, for appellee.
PATTERSON, Justice.
This suit is the result of a car-bus collision in Sunflower County on November 2, 1962. Billy Jefferson, one of the defendants, was the driver of the automobile. *282 Ewell Magee, the plaintiff, was the driver of the bus. The trial resulted in a jury verdict for the plaintiff in the sum of $85,000 which was reduced by way of remittitur by the trial judge to $60,000.
Plaintiff assigns as error on cross appeal the granting of the remittitur. Jefferson, one of the defendants below, assigns as error, among other things, the action of the court in overruling his motion for a change of venue to Washington County, his place of residence. The Illinois Central Railroad Company, one of the defendants below, was granted a peremptory instruction at the conclusion of the case and does not participate in this appeal. This opinion considers only the assignment of error relating to venue as, in our opinion, it is dispositive of the suit.
The declaration was filed in Yazoo County, Mississippi, against Billy Jefferson and the Illinois Central Railroad Company. It charged defendant Jefferson with negligently driving his automobile into the rear of a Greyhound bus operated by the plaintiff. It alleges that the collision occurred on Highway 49 West in Sunflower County at a point where such highway was intersected by the railroad tracks of the defendant Illinois Central Railroad Company and at a time when the bus was stopped at this railroad crossing. It alleges specifically as to the last named defendant the following:
Plaintiff alleges that prior to and at the time of the accident herein complained of the defendant Illinois Central Railroad Company was guilty of negligence resulting directly and proximately in the aforesaid accident and in plaintiff's injuries and damages in that said defendant corporation had negligently failed to warn approaching motorists of the presence of its railroad tracks as same crossed said highway by negligently failing to erect warning lights or signals and by negligently failing to erect and maintain reasonably adequate warning signs to advise the traveling public of the presence of said railroad crossing; that said corporate defendant was further guilty of negligence in that said defendant had allowed and permitted such warning signs as were present at said crossing to become old and weather worn and not readily visible and that said defendant had failed in all of the foregoing particulars although said defendant knew or should have known that its railroad tracks at the point of the accident traversed a heavily traveled state highway and that motorists using said highway because of the peculiar situation and the terrain and the absence of adequate warning signs or signals are apt to be unaware of the presence of said railroad tracks at said location.
The plaintiff asserts that the above-enumerated negligence, combined with that of the other defendant, resulted in his injury for which suit is brought.
Jefferson moved the court for an order transferring the cause to the proper venue, the Circuit Court of Washington County, Mississippi, and a hearing was had thereon prior to trial on the merits. In such motion he set out that he was a resident citizen of Washington County; that the accident occurred in Sunflower County; that the declaration stated no cause of action against the railroad company; that the allegations of the declaration pertaining to the railroad company were totally without foundation in fact; and finally, that the alleged cause of action against the railroad company was not asserted in good faith, but solely for the purpose of fixing venue in Yazoo County unlawfully and in derogation of the rights of the movant to be afforded a trial in the county of his household and residence. In support of this motion Jefferson testified that he was familiar with the highway and its intersection by the railroad as he was reared in the town of Inverness which is about a mile and a half from this crossing; and that for the last eleven years he has traversed the railroad crossing on an average of four times a week in his business, even though he now lives in Washington County somewhat farther away. He testified that signs reading "Mississippi Law Stop" were maintained on each side of the *283 railroad crossing. On cross-examination, however, he said that he had seen the sign so many times that he could not remember whether he saw it that particular night. However, his testimony is unequivocal and uncontradicted that he was thoroughly familiar with the highway and the crossing, his testimony in regard thereto being:
I knew where I was, and I knew where the railroad was. * * *
* * * No, I don't say that I would have purposely  that I would purposely break the law. I knew the railroad track was there. I knew the sign was there, but I didn't know the bus was there, or I would have stopped.
He explained the accident as follows:
The bus stopped and I didn't. I didn't notice the bus until I was too close on him to miss. When I saw the bus, I tried to miss him, but I was just a little too late.
The next witness for the movant was an employee of the railroad company who testified that the sign was properly in place in December 1961 when measurements were taken from which a plat was made in February 1962 and that the sign is in the identical place indicated by the measurements. This witness testified that he inspected the crossing and signs on January 18, 1962, February 2, 1962, February 15, 1962, February 22, 1962, March 8, 1962, May 22, 1962, May 28, 1962, July 3, 1962, and again on December 8, 1962, after the accident; and that the crossing and signs, depicted by a series of photographs introduced into the record, were the same both prior to and after the accident. These photographs unmistakably indicate that the "Mississippi Law Stop" sign, with the lettering thereon, was visible and distinct. As stated, the plat made in February 1962 and introduced in evidence, indicates, as does the testimony of the witness, that the railroad stop sign was the lawful distance from the crossing and of proper height and size. The plaintiff offered no evidence in rebuttal of movant's testimony.
There can be no doubt that the right of a citizen of this state to be sued in the county of his residence is a valuable right and not a mere technicality. Crosby v. Robertson, 243 Miss. 420, 137 So.2d 916, 918 (1962); Long v. Patterson, 198 Miss. 554, 22 So.2d 490 (1945); Trolio v. Nichols, 160 Miss. 611, 132 So. 750; 133 So. 207 (1931).
The declaration alleges that the railroad company was negligent in the maintenance of the sign required by law to be displayed at railroad crossings and that such negligence was a contributing proximate cause of the accident. We assume good faith on the part of the drawers of the declaration and further assume verity of the allegations against the railroad company, which allegations, if unchallenged, would at that time have stated a cause of action. However, the verity of the allegations, aside from the good faith of the attorneys, was put in issue by the defendant's motion for a change of venue. On the hearing of the motion the burden was upon the movant to negative the allegations by establishing facts contrary to or in explanation of them. Howard v. Ware, 192 Miss. 36, 3 So.2d 830, 140 A.L.R. 1284 (1941). The determination to be made is an evaluation of the facts, and not, as urged by the plaintiff, a probing of counsel's mind to ascertain his good faith at the time suit was filed. Jeffreys v. Clark, 251 Miss. 129, 168 So.2d 662 (1964). The question thus arises as to whether the evidence of the movant was sufficient to negate the allegations of the declaration against the railroad company. The evidence of the movant, part of which is above enumerated, and all of which is totally uncontradicted, is that the warning sign required by law to be maintained by the railroad company was properly located both as to height above ground and distance from the crossing, and that its lettering was clearly visible. In view of this evidence we are of the opinion that the movant completely nullified the allegations of the declaration relating to the railroad company.
*284 We conclude that the case falls squarely within the rules announced in New Biloxi Hospital, Inc. v. Frazier, 245 Miss. 185, 192, 146 So.2d 882, 885 (1962), and particularly that portion which we have italicized for emphasis:
* * * Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists  the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant. Read v. Renaud, 6 Smedes & M. 79, 14 Miss. 79 (1846); Howard v. Ware, 192 Miss. 36, 3 So.2d 830, 140 A.L.R. 1284 (1941); Dukes v. Sanders, 239 Miss. 543, 557-558, 124 So.2d 122, 125 So.2d 294 (1960); Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344, 148 A.L.R. 469 (1943); 92 C.J.S. Venue § 96b, pp. 800-801; 56 Am.Jur., Venue, § 31; Anno., 93 A.L.R. 949, 952 (1934). (Emphasis added.)
It is our opinion that under the facts of the case extant at the time the court ruled upon the motion, there remained no reasonable claim of liability asserted against the railroad company in Yazoo County and that the court erred in not sustaining appellant's motion for a change of venue to the county of his residence. The cause will therefore be reversed and remanded to the Circuit Court of Washington County.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, INZER, and SMITH, JJ., concur.