582 So.2d 98 (1991)
JACOBS & GOODMAN, P.A., Appellant,
v.
McLIN, BURNSED, MORRISON, JOHNSON & ROBUCK, P.A., et al., Appellees.
No. 91-65.
District Court of Appeal of Florida, Fifth District.
June 27, 1991.
*99 Bruce Rogow, Bruce S. Rogow, P.A., Fort Lauderdale, for appellant.
Eric C. Barkett, Williams, Smith & Summers, P.A., Tavares, for appellee McLin, Burnsed, Morrison, Johnson & Robuck, P.A.
Dennis F. Ramsey, in pro. per.
COBB, Judge.
This is an appeal from a non-final order denying the motion of Jacobs & Goodman, P.A. to dismiss the first amended complaint of McLin, Burnsed, Morrison, Johnson, and Robuck, P.A. (McLin, Burnsed) and the cross-claim of Dennis F. Ramsey for misjoinder and improper venue.
In March of 1990, Ramsey resigned his associate attorney position with Jacobs & Goodman and accepted a position with McLin, Burnsed. Nineteen contingent fee clients Ramsey represented at Jacobs & Goodman terminated Jacobs & Goodman as their attorneys and retained McLin, Burnsed. Ramsey's employment contract with Jacobs & Goodman contained a clause which required him to repay 75% of any contingent fees earned on cases he took when leaving the firm. In July of 1990, Jacobs & Goodman demanded an accounting on all fees generated by the nineteen cases. The fees at issue are held in the trust account of McLin, Burnsed. McLin, Burnsed filed an action for declaratory relief in the Circuit Court of Lake County, joining both Jacobs & Goodman and Ramsey as defendants. Jacobs & Goodman is a corporation with its office in Seminole County, Florida. McLin, Burnsed is also a corporation and its office is in Lake County, Florida. Ramsey is a resident of Lake County. Ramsey admitted all the allegations in McLin, Burnsed's complaint and cross-claimed against Jacobs & Goodman, also seeking declaratory relief. Jacobs & Goodman moved to dismiss McLin, Burnsed's action and Ramsey's cross-claim due to improper venue, alleging that Ramsey's joinder was only for the purpose of establishing venue in Lake County. The circuit court denied the motion.
On appeal, Jacobs & Goodman argues that Ramsey was improperly joined as a defendant since he has no real controversy with McLin, Burnsed and the wrongful joinder should not serve to establish venue in Lake County. We agree.
*100 A declaratory judgment proceeding must involve a justiciable controversy and there must be a named defendant with an adverse position. Brautigam v. MacVicar, 73 So.2d 863 (Fla. 1954). It is essential that the defendant in a declaratory judgment action be the party or parties whose interest will be affected by the decree. Hanover Ins. Co. v. Publix Market, Inc., 198 So.2d 346 (Fla. 4th DCA 1967). All persons having an interest in the subject matter should be before the court:
When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings.
Section 86.091, Fla. Stat. (1989). Ramsey's interests would be affected by the declaration and he is a proper party to the action, however, he must be aligned as a plaintiff, not a defendant.
Although no Florida case law specifically discusses the manner in which the parties should be aligned in a declaratory judgment action, the Florida Rules of Civil Procedure provide:
All persons having an interest in the subject matter of the action and in obtaining the relief demanded may join as plaintiff and any person may be made a defendant who has or claims an interest adverse to the plaintiff.
Fla.R.Civ.P. 1.210(a). A bona fide codefendant is required to create dual venue. For example, in the Mississippi case of Crosby v. Robertson, 243 Miss. 420, 137 So.2d 916 (1962), the court held that it was error to abate an order transferring venue from Marion County for 45 days because the plaintiffs alleged that there was another party who should be joined as a defendant who was a resident of Marion County. The court found that "it is pretty drastic action to require a defendant to remain in a court from which he is entitled to be transferred for a period of 45 days while the plaintiff seeks a local resident who might be joined as a defendant."
A party cannot be joined as a defendant solely for the purpose of establishing venue. Under the Florida Rules, a defendant has an interest adverse to the plaintiff and the plaintiff has an interest in obtaining the relief demanded. Ramsey has an interest in obtaining the relief demanded by his current employer, McLin, Burnsed, and his interest is not adverse to McLin, Burnsed. It would be in the interest of both Ramsey and McLin, Burnsed if the court determined that the employment contract with Jacobs & Goodman was invalid or that Ramsey's liability was less than 75% of the fees. Ramsey's proper position in this action is as a plaintiff. He and McLin, Burnsed should not be allowed to manipulate the venue of this declaratory action in their favor.
The proper venue for actions against a domestic corporation is "the county where such corporation has, or usually keeps, an office or transaction of its customary business, where the cause of action accrued, or where the property in litigation is located." Section 47.051, Fla. Stat. (1989). It is undisputed that Jacobs & Goodman's office is located in Seminole County and that there is no property involved in the litigation. The cause of action which underlies this appeal is a suit for declaratory relief. A suit for declaratory relief does not, of itself, constitute a cause of action for the purpose of activating the venue statute. Rather, the underlying relief sought determines venue. Royal Jones and Associates, Inc. v. Cigna Ins. Co., 575 So.2d 309 (Fla. 2d DCA 1991); The Florida Companies v. B.F.A. Corp., 424 So.2d 48 (Fla. 3d DCA 1982). The underlying relief sought in this case is the avoidance of an employment agreement between Jacobs & Goodman and Ramsey. The venue for such cause of action is where the cause of action accrued, or where the contract was entered into. See Carter Realty Co. v. Roper Bros. Land Co., Inc., 461 So.2d 1029 (Fla. 5th DCA 1985). Proper venue for an action against Jacobs & Goodman is in Seminole County.
REVERSED AND REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.