GRIFFIN, Judge,
concurring specially.
Appellants raise two issues in seeking to overturn the lower court’s denial of their motion to change venue from Seminole County to Dade County. The first of these is the failure of the lower court to transfer venue on the basis of forum non conveniens. As the lower court indicated at the hearing, the non conveniens issue in this case is a close one, but given the record in this case, the lower court did not err in refusing to exercise discretion in favor of transfer.
The second issue arises out of the fact that of the nine corporate and individual defendants in this case, eight reside or have their principal place of business in Dade County. *1082 Only John Lehor is a resident of Seminole County and appellants contend that Lehor has been sued individually in this case in bad faith in order to create venue in Seminole County. See e.g., Jacobs & Goodman, P.A. v. McLin, Burnsed, Morrison, Johnson and Robuck, P.A., 582 So.2d 98 (Fla. 5th DCA 1991).
At the threshold of this argument is the question whether the complaint states a cause of action against John Lehor. The sum and substance of the appellees’ argument on this point in their brief is that the complaint “absolutely” states “causes of action” against Lehor. Appellees tell us that the lower court “reviewed the appellees’ complaint and the motions directed to it in detail and correctly applied the standard for ruling on a motion to dismiss, and ruled accordingly.” They urge: “[I]t would be a waste of judicial economy for this court to repeat [his] work,” and they assert that “[g]iven the applicable standard, the appellants’ contention that the complaint does not establish a cause of action against John Lehor is disingenuous.”
Having failed to find enlightenment in the appellees’ brief, I repaired to the hearing below and there I found appellees’ argument to be:
And we can go back and look at those paragraphs, but there is plenty of bad stuff alleged in those paragraphs and elsewhere. Paragraphs 166 through 168, paragraphs 170 through 176, paragraphs 216 through 226 are examples of allegations that absolutely state causes of action against John Lehor.
So it seems to me disingenuous to say that complaint does not state a cause of action as to John Lehor.
Left therefore to my own devices, I have. studied the general allegations of the complaint and the allegations contained in the four counts directed against John Lehor. Appellants correctly urge that the complaint contains no well-pleaded cause of action against John Lehor. Count II, denominated “fraud,” is in the ball park of a cognizable legal theory that might be applicable to the facts of this case; however, in Florida, fraud must be alleged with particularity. Gordon v. Etue, Wardlaw & Co., PA, 511 So.2d 384, 388 (Fla. 1st DCA 1987). Here, the requisite particularity is lacking. That is not to say, however, that such failures of pleading are equivalent to bad faith joinder. The allegations do show that Lehor was directly involved in obtaining insurance from Hartford in the name of his corporation and that this may have been fraudulent. The lower court did not err in failing to transfer venue on the basis of bad faith joinder.