BLUE, Judge.
William B. Bone, individually and as co-trustee of the Aubrey H. Bone Revocable Trust, appeals the trial court’s order that denied a change of venue. He argues that his co-trustee, Ronald Irwin Croft, is not a bona fide defendant and, therefore, Croft’s presence in the suit as a defendant cannot establish venue in Pinellas County. We agree and reverse.
Ruth H. Bone, the trust’s beneficiary, filed this action to remove William Bone as co-trustee and to surcharge him for losses to the trust. In her complaint, Ruth Bone joined Croft as a defendant but sought no relief against him. In his answer, Croft admitted all of the complaint’s allegations and asserted an affirmative defense. Croft also brought a cross-claim against William Bone, seeking the same relief as Ruth Bone. The real property held by the trust is located in Highlands County. Ruth Bone and William Bone both reside in Highlands County but Croft resides in Pinellas County. Based on the assertion that Croft is not a bona fide defendant, William Bone filed a motion to abate and transfer venue. After a hearing, the trial court denied the motion.
Under section 47.011, Florida Statutes (1993), an action must be brought in the county where a defendant resides, where the cause of action accrued, or where the property in litigation is located. When there are multiple defendants in different counties, section 47.021 allows the action to be filed in any county where one of the defendants resides. A “defendant” is “a party named in a lawsuit against whom some type of relief or recovery is sought or who claims an interest adverse to the plaintiff. Fla.R.Civ.P. 1.210(a).” Turner v. Gallagher, 640 So.2d 120, 121 (Fla. 5th DCA 1994) (holding that Department of Insurance is not a defendant for service of process rule even though sovereign immunity statute requires that Department receive notice of suits against government agencies).
A party may not be aligned as a defendant for the sole purpose of establish *84 ing venue. Jacobs & Goodman, P.A. v. McLin, Bumsed, Morrison, Johnson & Robuck, P.A., 582 So.2d 98 (Fla. 5th DCA 1991). In Jacobs & Goodman, the Fifth District held that one of the defendants had to be aligned with the plaintiff because he shared the plaintiffs interest in the relief sought and he did not have an interest adverse to the plaintiff. 582 So.2d at 100. Likewise, in the present case, Croft shares the plaintiffs interests. He has admitted all of the allegations in Ruth Bone’s complaint and has filed a cross-claim seeking the same relief against William Bone. Thus, the trial court erred in denying a change of venue when Croft provided the only basis for venue in Pinellas County. Accordingly, we reverse.
RYDER, A.C.J., and LAZZARA, J., concur.