¶ 17. While I agree with the conclusion of the majority that venue is not proper in Hinds County, I dissent because, based on the facts before this Court, there was no reasonable basis for the inclusion of the State Defendants in this action. Had the inclusion of the State Defendants been proper in this action, I would agree with the majority that Miss. Code Ann. § 11-46-13(2) controls the determination of proper venue in this case.
¶ 18. Mississippi's venue statutes and this Court's decisions concerning proper venue have been summarized as follows:
 Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists — the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant.
New Biloxi Hosp., Inc. v. Frazier, 245 Miss. 185, 192,146 So.2d 882, 885 (1962). As outlined above, there are three requirements which must be met for jurisdiction to be maintained when the resident defendant has been dismissed.
¶ 19. In the case sub judice, Quinn failed to assert a reasonable claim of liability against the resident defendants, the State Defendants. The third prong of the test set forth *Page 630 
above has not been satisfied. As such, venue in Hinds County was never proper. The proper inquiry before this Court is whether the facts support inclusion of the defendant upon whom venue is based. Jefferson v. Magee, 205 So.2d 281, 283 (Miss. 1967) (citing Jeffreys v. Clark, 251 Miss. 129, 168 So.2d 662
(1964)). Based on the record before this Court, it is apparent that there is no factual support for the inclusion of the State Defendants.
¶ 20. Although the death of Andre Jones is a tragedy, the State Defendants did not owe him a duty. He was not apprehended by a state law enforcement agency; he was not housed in a state correctional facility; nor was there any other action by the state that was even arguably related to the circumstances surrounding this tragic incident. Andre Jones was apprehended by a local law enforcement agency (Brandon Police Department), incarcerated in a county jail (Simpson County Jail) due to overcrowding at the Brandon City Jail, and was a pre-trial detainee, not a state prisoner. Under these facts, it is clear that the plaintiffs failed to satisfy the third requirement of the New Biloxi test. This conclusion is further supported by the fact that the trial judge granted the State Defendants' motion to dismiss under M.R.C.P. 12(b)(6).
¶ 21. A motion to dismiss pursuant to M.R.C.P. 12(b)(6) raises an issue of law. When considering a motion to dismiss, the allegations made in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss. 1995). Despite these inferences in favor of the plaintiffs, the trial judge found that the State Defendants were not "vested with duties to maintain or take appropriate steps dealing with the Simpson County jail." In short, the plaintiffs failed to assert a reasonable claim of liability against the state defendants, who were the resident defendants. Where the plaintiff's claim cannot withstand a 12(b)(6) motion, the logical inference is that there was no reasonable claim of liability asserted against the defendant. Thus, the final prong of the New Biloxi test has not been satisfied, and Hinds County was never a proper venue for this action.
¶ 22. Based on the facts before us, it is clear that the plaintiffs have failed to assert a reasonable claim of liability against the State Defendants. Therefore, venue in Hinds County was never proper as to the resident defendants (State Defendants), and Miss. Code Ann. § 11-46-13(2) was erroneously applied in this action. Therefore, I respectfully dissent.
PITTMAN, P.J., and SMITH and MILLS, JJ., join this opinion.