IRVING, J.,
for the Court:
¶ 1. This case arose initially from a petition to controvert filed by appellant, Ray Warren, with the Mississippi Workers’ Compensation Commission to recover damages for injuries he received while cutting timber. The cut timber was purchased by appellee, Pallets, Inc. Warren claimed to be an employee of Pallets within the meaning of the workmens’ compensation statutes. The administrative judge found in Warren’s favor and ordered the payment of benefits.
¶ 2. Pallets appealed to the Workers’ Compensation Commission which affirmed *876 the decision of the administrative judge. Pallets then appealed to the Circuit Court of Walthall County which affirmed the administrative judge and the Commission. This Court, in an unpublished opinion, reversed the circuit court decision and the Mississippi Supreme Court denied Warren’s petition for writ of certiorari.
¶ 3. Warren then initiated this action seeking to recover from Pallets under simple negligence principles. The trial court granted Pallets’ motion for summary judgment on the basis that Pallets owed no duty to Warren and therefore could not be liable for negligence. It is from this judgment that Warren appeals. Pallets cross-appeals on the court’s rejection of its statute of limitations and res judicata/collateral estoppel defense arguments.
FACTS
¶ 4. Ray Warren was working as a sawyer for a logger named Julius Hart in early 1989. At that time, Hart was selling the wood cut by his crew, including Warren, to Pallets. Inc. On or about March 20, 1989, a tree fell and pinned Warren against another tree paralyzing him from the waist down. At the time of the accident Pallets had a policy in effect that required its log suppliers to provide certification of workers’ compensation insurance. However, despite this policy, Pallets did not require certification of coverage from Hart.
¶ 5. This appeal emanates from Warren’s suit for negligence against Pallets for Pallets’ failure to require certification of insurance from Hart. The suit was filed on August 18, 1997, more than eight years after Warren suffered the injuries for which he now seeks recompense.
¶ 6. Warren makes no claim that there was a contract of employment, either written or oral, between him and Pallets.
ISSUE
¶ 7. The sole issue in this case on direct appeal is:
I. WHETHER THE TRIAL COURT ERRED IN GRANTING PALLETS’ MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT PALLETS OWED NO DUTY TO WARREN?
STANDARD OF REVIEW
¶ 8. The standard of review in summary judgment cases is well established. According to Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993):
This Court employs a de novo standard of review in reviewing a lower court’s grant of a summary judgment motion. This entails reviewing all the evidentiary matters in the record: affidavits, depositions, admissions, interrogatories, etc. The evidence must be viewed in the light most favorable to ... the nonmoving parties, and they are to be given the benefit of every reasonable doubt. A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c) This Court does not try issues on a Rule 56 motion; it only determines whether there are issues to be tried.
(citations omitted).
¶ 9. Viewing the evidence in the light most favorable to Warren, we find no genuine issue of material fact. Pallets is entitled to a judgment as a matter of law.
DISCUSSION OF THE LAW
I. DID THE TRIAL COURT ERR IN GRANTING PALLETS’ MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT PALLETS OWED NO DUTY TO WARREN?
A. Did Warren fail to follow its own policy of requiring its log suppliers to supply evidence of Workmen’s Compensation Insurance to the detriment of Warren?
¶ 10. Warren charges that PaL lets’ failure to make certain that Warren’s *877 employer, Julius Hart, had workers’ compensation insurance to cover Warren constituted negligence. A negligence cause of action lies only where the defendant owes the plaintiff a duty, and the plaintiff incurs damages caused by the defendant’s breach of duty. Palmer v. Anderson Infirmary Benevolent Assoc., 656 So.2d 790 (Miss.1995). Since there was no contract of employment, or of any other kind, either between Pallets and Warren, the issue is whether or not Pallets created a duty in itself to insure that those individuals who sold logs to it had workers’ compensation coverage, as is claimed by Warren.
¶ 11. In support of his argument Warren claims that Mississippi has adopted the well-recognized principle that even where one person does not owe a duty to another, if the person undertakes some action which would be for the benefit of the second person, he has created in himself a duty to perform that action with reasonable care. Pallets, he contends, created in itself such a duty and its failure to do so with reasonable care is actionable.
¶ 12. Warren argues the authority of Century 21 Deep South Properties, Ltd. v. Corson, 612 So.2d 359 (Miss.1992), and its holding that a real estate agency which ordered a title update on a property on behalf of the purchaser, even though the agency was agent for the seller, became a gratuitous agent of the purchaser by so doing, and the agency thereby created in itself a duty to use due care in obtaining the title update. Id. at 368.
¶ 13. He similarly argues the authority of Long v. Patterson, 198 Miss. 554, 561, 22 So.2d 490, 492 (1945), wherein the court stated in dicta that a person owes a duty of due care to another where the actor undertakes to render a service, even though gratuitously.
¶ 14. Lastly, he refers this Court to United States v. Lawter, 219 F.2d 559, (5th Cir.1955), wherein the Coast Guard was sued for negligence in the death of a woman who the Coast Guard attempted to rescue after her ship overturned at sea. The Coast Guard raised the issue of lack of duty. The court found that because the Coast Guard had undertaken the rescue, even if gratuitously, it had created a duty in itself to perform the rescue with due care.
¶ 15. Warren submits that under these holdings the trial court erred in granting Pallet’s motion for summary judgment.
¶ 16. The resolution of this issue lies in the answer to the question of whether or not Pallets created a duty in itself to insure that individuals who sell logs to it have workers’ compensation coverage. This issue was given extensive consideration in the court below. We adopt that court’s reasoning and finding that the certificate of insurance required by Pallets from most loggers who haul to its mill did not create a duty for Pallets to insure that there was coverage.
¶ 17. Based upon the proof that is before this Court, Warren never went to Pallets’ yard nor had any direct contact with Pallets whatsoever. There was no privity of contract between Pallets and Warren. Pallets’ policy of requiring a certificate of insurance from its log suppliers was for Pallets’ own benefit, not for the benefit of anyone else, although others may have benefitted. Requiring a certificate of insurance does not constitute rendering a service or undertaking an obligation for the benefit of others. In other words, Pallets owes no duty to Warren. With no duty, there can be no liability for negligence. The order for summary judgment is affirmed.
B. Did Pallets breach its duty of care by failing to act in conformity with industry standards?
¶ 18. Warren contends that standards within the industry can form the basis for a duty in tort. He cites the cases of Toliver v. General Motors Corp., 482 So.2d 213 (Miss.1985), and Sumrall v. Mississippi Power Co., 693 So.2d 359 (Miss.1997). Each of the cited authorities involved cases *878 of product liability where a duty of care already existed; neither stands for the proposition that Warren espouses: that a duty can arise independently from nonconformity with industry standards. The fact is that Pallets owed no duty to Warren so the question of whether industry standards were violated does not arise as between Pallets and Warren. This issue is without merit.
CROSS-APPEAL
¶ 19. In its cross-appeal, Pallets argues that Warren’s action is barred by the statute of limitations. The court below found that Warren’s claim was not barred by the statute of limitations according to Miss. Code Ann. § 15-1-69 (Rev.1995), which provides as follows:
If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiffs death, commence such new action, within the said one year.
¶ 20. Pallets argues that in order for Warren to fall within the “savings” provision of § 15-1-69, the prior adverse ruling must have been upon a matter of form only and must not have been a decision on the merits. If the prior adverse decision was a decision on the merits, contends Pallets, then Warren cannot use § 15-1-69 to obtain an additional year within which to re-file his complaint, (citing Deposit Guaranty National Bank v. Roberts, 483 So.2d 348, (Miss.1986); Ryan v. Wardlaw, 382 So.2d 1078 (Miss.1980)).
¶ 21. Pallets contends that the decision of the Mississippi Court of Appeals, a decision which the Mississippi Supreme Court declined to review, was a decision on the merits. Beyond cavil, Pallets argues that court reviewed the decision of the Mississippi Workers’ Compensation Commission and decided that Pallets was not Warren’s employer and therefore could not be responsible for Warren’s workers’ compensation claim. Since, says Pallets, that decision was not based on a matter of form, as required by § 15-1-69, Warren obtains no additional year within which to bring his action.
¶ 22. Additionally, argues Pallets, § 15-1-69 applies only where the subsequent suit is one for “the same cause.” Warren’s prior cause was an administrative action initiated before the Workers’ Compensation Commission alleging that Pallets and its workers’ compensation carrier owed Warren workers’ compensation benefits. The case at bar seeks damages from Pallets on a negligence theory. Obviously, contends Pallets, these are two quite separate and distinct causes of action and § 15-1-69 does not apply. Because we have decided on the direct appeal that Pallets owed no duty to Warren, it is not necessary for us to reach this issue; our ruling on the direct appeal renders this issue moot.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY GRANTING THE MOTION FOR SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT/CROSS-APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.