# United States Court of Appeals
# for the Fifth Circuit

---

No. 26-60049
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2026

Lyle W. Cayce
Clerk

Gemstone Foods, L.L.C.,

*Plaintiff—Appellant*,

*versus*

JPMorgan Chase Bank, National Association,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:25-CV-504

---

Before Richman, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gemstone Foods, LLC, a Mississippi food processor, sent two wire transfers from its account at Regions Bank to pay vendors. Both transfers were diverted by unknown parties into accounts those parties had opened at JPMorgan Chase Bank, N.A. ("Chase"). Gemstone, which has no banking relationship with Chase, sued Chase for negligence and gross negligence in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-60049

the opening of the diverting accounts and for violation of Florida's Uniform Commercial Code. The district court dismissed all claims under Federal Rule of Civil Procedure 12(b)(6), holding that Chase owed no duty of care to Gemstone, a noncustomer, under Mississippi law. Because *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507 (5th Cir. 2018), controls and forecloses Gemstone's claims, we AFFIRM.

I

Gemstone is a Mississippi limited liability company. It maintains its operating account at Regions Bank. On July 11, 2022, Gemstone directed Regions to wire $116,489.10 to Food Processing Equipment Company ("FPEC") for goods. Two weeks later, Gemstone directed Regions to wire $70,689.50 to Arkotex, Inc. for the same purpose. Gemstone alleges that unknown "intermeddlers" diverted both wires into two accounts those intermeddlers had previously opened at Chase. Gemstone further alleges that Chase opened the diverting accounts without verifying the holders' Social Security or tax identification numbers and without securing required documentation, in violation of industry standards, Chase's internal procedures, and federal regulations.

Nearly three years later, on July 10, 2025, Gemstone sued Chase in the United States District Court for the Southern District of Mississippi. Gemstone raised three claims: negligence, gross negligence, and violation of Article 4A of the Florida Uniform Commercial Code.[1] Chase moved to dismiss under Rule 12(b)(6). The district court granted the motion and

---

[1] The district court dismissed Gemstone's Article 4A claim as abandoned because Gemstone made no effort to defend it in opposition to the motion to dismiss. Gemstone does not pursue that claim on appeal, and any argument related to it is forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

No. 26-60049

dismissed all claims with prejudice. Gemstone timely appealed.[2]

## II

Our review is de novo. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). We accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). We do not accept conclusory allegations or legal conclusions. *See id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because this case arises in diversity, we apply Mississippi substantive law. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

## III

The threshold question is whether Chase, under Mississippi law, owed Gemstone a duty of reasonable care. Whether a duty exists is a question of law. *Greer v. Key*, 428 So. 3d 333, 338 (Miss. 2026). And absent a duty, Gemstone's negligence and gross negligence claims necessarily fail. *Great Am. E & S Ins. Co. v. Quintairos, Prieto, Wood & Boyer, P.A.*, 100 So. 3d 420, 426 (Miss. 2012).

We answered that question in *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507 (5th Cir. 2018). There, a Kansas livestock financier sued a Mississippi community bank for negligence after the bank's customer ran a check-kiting scheme that depleted the financier's funds. *See id.* at 510–12. The financier was not the bank's customer. *Id.* at 515. After surveying Mississippi and national authority, we made an *Erie* guess and predicted that

---

[2] At our request, Gemstone supplemented its jurisdictional allegations on appeal by tracing the membership of its LLC structure to citizens of Mississippi. *See* 28 U.S.C. § 1653**.** Chase is a citizen of Ohio. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Complete diversity exists. 28 U.S.C. § 1332(a).

the Mississippi Supreme Court would not "impose upon [a bank] a duty of reasonable care to . . . a non-customer." *Id.* at 515–19.

*Midwest Feeders* controls.[3] Gemstone, like the plaintiff in *Midwest Feeders*, was not a customer of the defendant bank and the fraud was perpetrated by third parties using accounts at the defendant bank. Although Gemstone's allegations differ in certain respects—the fraudsters opened sham accounts rather than abused a legitimate one, and the misdirection involved wire transfers rather than checks—those details do not affect the holding of *Midwest Feeders*, which rested on the absence of a direct relationship between the bank and the plaintiff. *Id.* at 517–19. Gemstone alleges no such relationship with Chase, and no Mississippi authority has since recognized a bank's duty to a noncustomer in these circumstances. *Greer* reaffirms only the foundational principle that foreseeability inside the duty analysis "is a question of law." 428 So. 3d at 338.

Gemstone offers no reason to disturb our holding in *Midwest Feeders*. Under the rule of orderliness, one panel may not overrule another absent an intervening change in the law. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 842 n.3 (5th Cir. 2023). This rule "applies equally to diversity cases," and permits us to revisit prior holdings "only after a 'clearly contrary subsequent holding of the [state's] highest court,' a series of 'unanimous or near-unanimous holdings from several—preferably a majority—of [the state's] intermediate appellate courts,' or a 'squarely on point' statutory amendment." *Id.* (alterations in original) (quoting *FDIC v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998)). Gemstone identifies no Mississippi Supreme

---

[3] Gemstone also contends that *Midwest Feeders* impermissibly imposes a "privity" requirement contrary to MISS. CODE ANN. § 11-7-20. Gemstone did not raise § 11-7-20 or any privity argument in its response to Chase's motion to dismiss. The argument is therefore forfeited. *See Rollins*, 8 F.4th at 397.

Court decision, statutory enactment, en banc decision, or Supreme Court ruling that has unsettled *Midwest Feeders*.

Recognizing that *Midwest Feeders* addresses its claims, Gemstone offers three alternative sources for a duty Chase owed it. None succeed.

*First*, Gemstone contends that Chase's alleged violations of industry standards and internal procedures supply a duty. They do not. "[I]ndustry standards are not an *independent* basis for a negligence claim if the defendants 'owed *no* duty to [the plaintiff]' to begin with." *Kelley, LLC v. Corinth Pub. Utils. Comm'n*, 200 So. 3d 1107, 1116 (Miss. Ct. App. 2016) (emphasis in original) (quoting *Warren v. Pallets, Inc.*, 747 So. 2d 875, 878 (Miss. Ct. App. 1999)). Internal policies fare no better. Non-compliance with an internal policy is "one factor in the breach of duty analysis" but is "not dispositive," and it cannot create a duty where Mississippi law recognizes none. *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 247–48 (5th Cir. 2012). In any event, Gemstone identifies no specific standard or procedure Chase breached, asserting only that "[d]iscovery will undoubtedly reveal both the specific [Chase] policies and procedures and industry standards breached."

*Second*, Gemstone argues that the Bank Secrecy Act and its Customer Identification Program regulations create a duty enforceable by noncustomers. This argument likewise fails. "Courts addressing this issue have consistently held that the Bank Secrecy Act . . . does not create a private right of action or establish a duty of care to private parties." *Douglas v. Trustmark Nat'l Bank*, 201 F. Supp. 3d 800, 807–08 (S.D. Miss. 2016) (collecting cases); *see also Marlin v. Moody Nat'l Bank, N.A.*, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006), *aff'd*, 248 F. App'x 534 (5th Cir. 2007). Gemstone cites no authority to the contrary.

*Third*, Gemstone urges us to follow *Elkin Valley Baptist Church v. PNC Bank, N.A.*, 748 F. Supp. 3d 293 (W.D. Pa. 2024), which predicted that the

No. 26-60049

Pennsylvania Supreme Court would impose a duty on banks toward noncustomers harmed by cybercrime. *Elkin Valley* applied Pennsylvania law using Pennsylvania's five-factor duty test. 748 F. Supp. 3d at 348. It does not bind us on Mississippi law. *See Krieser*, 166 F.3d at 739. Nor is it consensus authority within its own circuit. *See, e.g.*, *Zhejiang Matrix SCM Co., LTD v. PNC Bank, Nat'l Ass'n*, No. 23-0979, 2024 WL 1096534, at *4 (E.D. Pa. Mar. 13, 2024); *Chemalloy Co., LLC v. Citibank, N.A.*, 609 F. Supp. 3d 370, 377 (E.D. Pa. 2022). Our task in diversity is to predict Mississippi law, and we have already done so in *Midwest Feeders*. An out-of-circuit district court decision applying a different state's law cannot displace that prediction.[4]

## III

The judgement of the district court is AFFIRMED.

---

[4] Gemstone alternatively requests that we certify the duty question to the Mississippi Supreme Court. "As a general proposition we are chary about certifying questions of law absent a compelling reason to do so," and we see no such reason to do so here. *Williams v. GoAuto Ins. Co.*, 154 F.4th 324, 329 (5th Cir. 2025) (quoting *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1247 (5th Cir. 1997)).